

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2004

# Hebishy v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3313

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

### Recommended Citation

"Hebishy v. Atty Gen USA" (2004). *2004 Decisions.* Paper 618.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/618

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-3313 and 03-1962

MAMADOUH HEBISHY,
Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States,
Respondent

ON PETITIONS FOR REVIEW OF THE
BOARD OF IMMIGRATION APPEALS
Agency No. A73 586 474

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2003

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and McLAUGHLIN[*]

(Opinion Filed:  June 4, 2004)

OPINION

---

[*]Honorable Mary A. McLaughlin, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

BARRY, Circuit Judge

Mamadouh Hebishy, an Egyptian national of the Coptic Christian faith, petitions for review of two decisions issued by the Board of Immigration Appeals ("BIA"). In the first decision, the BIA affirmed without opinion the findings of an Immigration Judge ("IJ") who denied Hebishy's asylum and withholding of removal applications. In the second, the BIA denied Hebishy's motion to reopen or to reconsider this decision. We have jurisdiction under 8 U.S.C. § 1252 and will deny Hebishy's petitions for review.

As we write only for the litigants, who are familiar with the facts of this case, we provide only a brief summary of those facts at the outset, incorporating additional facts as relevant to our discussion of the issues. Mamadouh Hebishy came to the United States on or about August 9, 1992 as a B-2 visitor with authorization to remain in the United States until February 8, 1993. He overstayed his visa, and on November 26, 1997, was charged with violating § 237(a)(1)(B) of the Immigration and Nationality Act. Hebishy admitted the allegations in his Notice to Appear, conceded removability, and filed applications for political asylum and withholding of removal.

On April 14, 1998, an IJ denied these applications. The IJ set forth in detail his findings that Hebishy's testimony was "inconsistent, incredible, not to be believed and . . . unresponsive." The IJ also found that although "Coptics [we]re having a difficult time in Egypt," there existed no pattern or practice of persecution against Coptic Christians. The IJ concluded that Hebishy did not meet his burden as to asylum; *i.e.*, he did not show that

2

he was persecuted or has a well-founded fear of persecution. The IJ further concluded that because Hebishy failed to show a reasonable probability of future persecution, he cannot meet the more stringent standard required for withholding of deportation.

Hebishy filed a timely appeal to the BIA, which appeal was denied on July 31, 2002 in a summary affirmance without opinion ("AWO"). On August 23, 2002, Hebishy filed a petition for review of the BIA's decision with this Court. Hebishy raised the following issues: (1) whether summary affirmance was appropriate; (2) whether the IJ's finding of lack of credibility is supported by the record; (3) whether the IJ erred in concluding that Hebishy had not established past persecution and/or a well-founded fear of future persecution; and (4) whether the IJ erred in not finding a pattern or practice of persecution against Coptic Christians. In support of his petition, Hebishy argues that his fear of persecution is greater now due to changed circumstances, namely his marriage to his wife on September 12, 2000, also a Coptic Christian, who was granted asylum on March 8, 2000, and the fact that his brother, nephew, niece and wife's sister were granted asylum on August 19, 1999.[1] Hebishy also argues that conditions in Egypt have changed since the September 11, 2001 terrorist attacks.

Hebishy next filed a motion to reopen or reconsider with the BIA on October 28, 2002. He raised essentially the same issues set forth in his petition for review. On March 11, 2003, the BIA denied the motion. In so doing, the BIA held: "[T]he respondent has

---

[1]Hebishy's hearing was held on April 14, 1998 and, thus, pre-dated these events.

failed to establish how his relatives [sic] asylum status impact [sic] his claim for relief."

That is, Hebishy did not set forth a nexus between this information and his claim. The BIA found, as well, that Hebishy did not adequately explain the inconsistencies in his testimony. It concluded that the issuance of an AWO was permissible.

On May 19, 2003, we stayed Hebishy's petition for review of the BIA's summary affirmance, Hebishy v. Ashcroft, No. 02-3313, pending the decision of the en banc Court in Dia v. Ashcroft, No. 02-2460. An opinion in Dia was issued on January 20, 2004. 353 F.3d 228 (3d Cir. 2003). Meanwhile, on April 7, 2003, Hebishy had filed another petition for review with this Court, this time challenging the BIA's March 11, 2003 denial of his motion to reopen or reconsider, Hebishy v. Ashcroft, No. 03-1962. We consolidated both petitions for review, and they are before us today.

## I.

We begin by reviewing the BIA's summary affirmance of the IJ's denial of asylum and withholding of removal. We quickly dispose of Hebishy's argument that the BIA's issuance of an AWO violates the Due Process Clause of the Constitution. In Dia, we held that the streamlining regulations allowing the BIA to issue AWOs do not violate the Due Process Clause. Dia, 353 F.3d at 245. The requirements of due process are met so long as either the IJ or the BIA (both now part of the Department of Homeland Security) "put forth a sufficiently reasoned opinion," id. at 243, and here the IJ did just that.

When the BIA issues an AWO, we review the IJ's opinion to determine whether it

is supported by substantial evidence.  <u>Dia</u>, 353 F.3d at 248.  The scope of this review is quite narrow, as "the question whether an agency determination is supported by substantial evidence is the same as the question whether a reasonable fact finder could make such a determination based upon the administrative record."  <u>Id.</u> at 249.  Under this deferential standard, findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it.  <u>Abdille v. Ashcroft</u>, 242 F.3d 477, 483 (3d Cir. 2001).  The IJ's opinion is supported by substantial evidence.

The law regarding Hebishy's substantive claims is clear.  The Attorney General may grant asylum if an applicant meets the definition of "refugee"; *i.e,* he or she is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42)(A).  To establish a well-founded fear of future persecution, Hebishy was not required to show that he would be singled out for persecution, as long as there is a pattern or practice of persecution against Coptic Christians by the Egyptian Government.  <u>See</u> 8 C.F.R. § 208.13(b)(2)(i)(A)-(B).  To qualify for withholding of removal, Hebishy needed to show that there was a "clear probability" that if returned to his native country, he would be persecuted on the basis of a specified ground.  <u>See</u> <u>Zubeda v. Ashcroft</u>, 333 F.3d 463, 469 (3d Cir. 2003); 8 C.F.R. § 208.16(b).

Even if we assume that Hebishy alleged facts sufficient to establish a prima facie

5

case for past persecution or a well-founded fear of future persecution, the IJ found

Hebishy incredible: "I don't believe his story." In reviewing the denial of asylum, other

than our examination of evidence of any pattern or practice of persecution, which

evidence we find lacking,[2] the only relevant inquiry is whether the IJ's adverse credibility

determination is supported by substantial evidence. We find that it is. The IJ set forth

several, detailed pages explaining that determination. The IJ found, for example, that

when testifying, Hebishy was unresponsive, and questions often had to be repeated,

although the interpreter was accurate. His story was riddled with inconsistencies, his

testimony varied from his detailed asylum application, and at times he contradicted

himself. Moreover, he failed to corroborate his testimony. Also troublesome to the IJ

was the fact that Hebishy claimed to have come to the United States in an effort to seek

asylum, yet he entered on a B-2 visa and only applied for asylum after he was found

overstaying his visa.

In sum, the IJ's adverse credibility determination is supported by substantial

evidence and, given the lack of other evidence, so too is the IJ's conclusion that Hebishy

should not be afforded refugee status. Finally, the IJ correctly found that because

Hebishy failed to show a reasonable probability of future persecution, he could not meet

the more stringent standard for withholding of deportation. See Lin v. INS, 238 F.3d 239,

---

[2]Evidence that Muslims in Egypt have persecuted Coptic Christians was presented to the IJ, but this evidence did not compel a conclusion that any such persecution rose to the level of a pattern or practice.

244 (3d Cir. 2001).

## II.

We turn now to the BIA's denial of Hebishy's motion to reopen or reconsider. The denial of a motion to reconsider is reviewed under the same standard as the denial of a motion to reopen. See INS v. Abudu, 485 U.S. 94, 110 (1988). We review the denial of such motions for abuse of discretion. See id., 485 U.S. 94 (1988). We will reverse only if the decision to not reopen (or reconsider) is "'arbitrary, irrational, or contrary to law.'" Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)). Motions to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." INS v. Doherty, 50 U.S. 314, 323 (1992) (citing 8 C.F.R. § 3.2 (1987)). A motion to reconsider, on the other hand, seeks a new decision based on the record that was previously before the BIA. The BIA did not abuse its discretion in denying Hebishy's motion.

We have already indirectly concluded that the BIA did not abuse its discretion insofar as the motion asked the BIA to reconsider the evidence previously before the IJ, as we determined that the IJ's adverse credibility determination was supported by substantial evidence. Moreover, Hebishy failed to explain to the BIA why the problems the IJ found and, most particularly, the inconsistencies, did not exist. We must still determine, however, whether, in light of the evidence of the events which post-dated its

7

earlier review, the BIA abused its discretion in choosing to not reopen.  We find it did not.

As the BIA noted, Hebishy failed to provide any nexus between the evidence of his marriage and the various grants of asylum and his claim for relief; indeed, the record does not even contain any indication as to why his family members were granted asylum. Similarly, Hebishy fails to convincingly explain how marrying a woman who had earlier been granted asylum affects his status.  The only plausible nexus between his marriage and his claim for relief is the contention that being associated with his wife and her family makes him more likely to be persecuted.  But there is no evidence to support any such contention.

Finally, the evidence of country conditions presented on the motion does not materially differ from the evidence of country conditions Hebishy previously submitted to the IJ.   Stated differently, Hebishy has not set forth sufficient evidence of changed country conditions such that we could say that the BIA abused its discretion in denying his motion to reopen or reconsider.

For the foregoing reasons we will deny the petitions for review.